Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5541 | **DATE** | 10/30/2002 |
| **CASE TITLE** | Thompson vs. Solo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Miriam Solo's motion to dismiss Ms. Thompson's appeal is granted. Accordingly, this appeal is hereby dismissed. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 31 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 13 |
| | Copy to judge/magistrate judge. | | 10/30/2002 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARISSE THOMPSON,           )
                             )
         Plaintiff,          )
                             )
    v.                       )
                             )   No.  02 C 5541
MIRIAM SOLO,                 )
                             )
         Defendant.          )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charisse Thompson filed an appeal on June 26, 2002 from the bankruptcy court's denial of a motion for injunction and sanctions. Defendant Miriam Solo now moves to dismiss Ms. Thompson's appeal on the ground that the appeal was filed more than ten days after the bankruptcy court entered its order on June 14, 2002.[1] I grant the motion.

Under Bankruptcy Rule 8002, a party has ten days from the entry of an order, judgment or decree to file an appeal. Ms. Thompson argues that the order entered in this case does not meet the criteria of a final judgment. A bankruptcy judgment (which would include an order disposing of the underlying motion in this case) must be set forth in a document separate from its opinion and should not contain any legal reasoning. *In re Behrens*, 900 F.2d 97, 99 (7th Cir. 1990). It must be self-contained and complete,

---

[1] Although the bankruptcy court's order is dated June 12, 2002, it was not entered on the docket until June 14, 2002.

setting forth the disposition and the relief to which the prevailing party is entitled. *Id.* Further, the order must be "entered," meaning that "the substance of [the order] is reflected in an appropriate notation on the docket sheet assigned to the action." *Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47, 49 (7th Cir. 1986). The purpose of these requirements is to prevent "uncertainty about the running of the time to appeal, and about whether the bankruptcy court's judgment is really final." *Behrens,* 900 F.2d at 99.

Here, the order of the bankruptcy court states that "debtor's motion for injunction and sanctions is denied with prejudice and without costs." It further states that "[a]ll matters currently pending before this Court are hereby settled and concluded." The order gives further details, but contains no legal reasoning. Additionally, the order was entered on the docket, which reads "ORDER pursuant to the parties, debtors's [sic] motion for injction [sic] and sanctions is denied with prejudice ane [sic] without costs." The order of the bankruptcy court thus meets the requirements of the relevant bankruptcy rules as spelled out in *Behrens* and *Stepflug.* It "recites the terms of the judgment without offering additional explanation or citation of authority." Fed. R. Civ. P. 58, Advisory Committee Comments, 2002 Amendments (discussing what was and is required in a "separate document"). Certainly the order and docket entry left no uncertainty about

whether the bankruptcy court's judgment was final and when the time to appeal began to run. The time to appeal began to run on June 14 when the order was entered on the docket. Ms. Thompson did not file her notice of appeal within ten days. Failure to file an appeal within the ten day period divests me of jurisdiction, and I must dismiss the appeal unless the appellant properly applied for an extension of time under Bankruptcy Rule 8002(c). *Martin v. Bay State Milling Co.*, 151 B.R. 154, 155-56 (N.D. Ill. 1993) (Kocoras, J.).

Under Rule 8002(c), the bankruptcy judge may extend the time to file a notice of appeal for up to twenty additional days. Under that rule, a request to extend the time to file must be made by written motion before the time for filing a notice of appeal has expired (here, ten days from entry of the order), except that if such a motion is filed within twenty days after the expiration of the time for filing a notice of appeal, the bankruptcy judge may grant an extension upon a showing of "excusable neglect." Ms. Thompson never filed a motion for an extension of time, but asks me to follow the approach of the Southern District of New York in *In re Inwood Realty Co.*, 4 B.R. 459 (S.D.N.Y. 1980), which found that a late notice of appeal could be treated as a motion for an extension of time. *Id.* at 463. The court there remanded the action to the bankruptcy court to determine whether a *nunc pro tunc* extension of time was warranted. *Id.* at 465. Ms. Solo, on the

3

other hand, asks me to follow the Tenth and Eleventh Circuits, both of which have held that a notice of appeal in a bankruptcy proceeding cannot be construed as a motion for an extension of time under Rule 8002.[2] *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 709-10 (10th Cir. 1992) (dismissing bankruptcy appeal where appellant did not file motion for extension of time, even though she filed notice of appeal eleven days after judgment); *Williams v. EMC Mortgage Corp. (In re Williams)*, 216 F.3d 1295, 1297-98 (11th Cir. 2000) ("[W]e cannot construe Williams's late notice of appeal [filed seventeen days after judgment] as a motion for extension of time due to excusable neglect.") (citing *Deyhimy*).

Neither decisions of the Southern District of New York nor the Tenth and Eleventh Circuits are binding on me, *see Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123-24 (7th Cir. 1987), and the Seventh Circuit has not directly addressed this issue. I adopt the *Deyhimy* and *Williams* approach as opposed to the *Inwood* approach, and hold that Ms. Thompson's late notice of appeal cannot be construed as a motion for an extension of time under Bankruptcy Rule 8002.

The *Deyhimy* and *Williams* approach is sensible. Bankruptcy Rule 8002(c)(2) expressly requires that a request to extend the

---

[2] The Sixth Circuit appears to follow the same approach. *See Walker v. Bank of Cadiz (In re LBL Sports Center, Inc.)*, 684 F.2d 410, 412-13 (6th Cir. 1982) (holding that district court should not have ruled on a claim of excusable neglect raised in a bankruptcy appeal filed two days after deadline for filing notice of appeal because appellant never requested an extension of time from the bankruptcy judge).

time to file a notice of appeal "must be made by written *motion*" (emphasis added). The Eleventh Circuit in *Williams* further reasoned that because Bankruptcy Rule 8002 is an adaptation of Federal Rule of Appellate Procedure 4(a), see Fed. R. Bankr. P. 8002 advisory committee notes, and because under Appellate Procedure Rule 4(a)(5) the Eleventh Circuit refuses to treat a late notice of appeal as a motion for extension of time, it should refuse to due so under Bankruptcy Rule 8002. *Williams*, 216 F.3d at 1297-98. Like the Eleventh Circuit, the Seventh Circuit has held that a late notice of appeal cannot be construed as a motion for an extension of time under Appellate Procedure Rule 4(a)(5). *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1240 (7th Cir. 1986).[3]

Because Ms. Thompson's appeal was not timely filed and she did not properly apply for an extension of time, Ms. Solo's motion to dismiss is Granted.

ENTER ORDER:

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: October 30, 2002

---

[3] The Seventh Circuit in *Leonard* left open the possibility that a late notice of appeal that alleges excusable neglect or good cause could be construed as a motion for an extension of time. 788 F.2d at 1240. Ms. Thompson's notice of appeal made no such allegations.

5